# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JASON MONSUL, | : | |
| | : | **Case No. 2: 08 CV 958** |
| Plaintiff, | : | |
| | : | |
| vs. | : | Judge Frost |
| | : | |
| OHASHI TECHNICA, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants. | : | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff and Defendants in the above-captioned case, by and through their respective counsel, agree and stipulate that, subject to the Order of this Court, the following provisions shall govern in this action.

IT IS ORDERED THAT:

1. When used herein, the term "CONFIDENTIAL INFORMATION" shall mean any documents or information, whether oral or written (including, but not limited to, deposition testimony, financial statements, written correspondence, written notes, memoranda, telephone messages, e-mail messages, notices, and invoices), produced or given by any PRODUCING PARTY in this action that is designated as CONFIDENTIAL INFORMATION.

2. When used herein, the term "PRODUCING PARTY" shall mean the party that is producing or giving any CONFIDENTIAL INFORMATION.

3. When used herein, the term "RECEIVING PARTY" shall mean any person or party that receives CONFIDENTIAL INFORMATION from a PRODUCING PARTY.

4. When used herein, the term "CONFIDENTIAL-ATTORNEY EYES ONLY" shall mean disclosure is limited only to counsel for a party and/or counsel's employees and the information shall not be disseminated or disclosed to the party.

5. When used herein, the term "document" shall have the following meaning:

all forms of recorded data or information, including the originals of any nature whatsoever, identical copies and all non-identical copies thereof pertaining to any medium upon which intelligence or information is recorded in your possession, custody, or control, regardless of where located; including, but not limited to, minutes, notes, comments, worksheets, summaries, records or other reports concerning meetings, conferences, visits, surveys, inspections, statements, interviews or telephone conversations; inter-office memoranda; books, manuals, pamphlets, bulletins, circulars, instructions, work papers, transcripts, reports, memoranda, summaries, studies, analyses, evaluations, invoices, contracts, purchase agreements, deeds, promissory notes, mortgages, journals, logs, files, statistical records, diaries, calendars, travel and telephone logs, and appointment books, correspondence and telegrams, envelopes and other wrappers and packaging; graphs, charts and maps; transcripts of verbal testimony or statements; checks, check stubs and money orders, travel vouchers, receipts, returns; reports of experts; affidavits; balance sheets, profit and loss statements, books of account, statements of account, and other financial data, analyses, statistical and other forecasts, projections or budgets; teletypes, telefax; printouts or other stored information on or from computers or other information retrieval systems, as well as all applicable file menus, directors, distribution lists and acknowledgements of receipt, documents sent by electronic mail (e-mail) or any information stored on computer diskette; photographic matter or sound reproduction, however produced or reproduced, including, but not limited to, photographs, microfiche, microfilm, videotapes, recordings, motion pictures, tapes, cassettes, and discs; and any other handwritten, printed, recorded or graphic matter.

6. The PRODUCING PARTY shall use the CONFIDENTIAL designation in a manner consistent with the legitimate business or privacy interests of the PRODUCING PARTY. The designation of any documents or information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY pursuant to the terms of this Order will be done in good faith by the PRODUCING PARTY. If a RECEIVING PARTY believes that a PRODUCING PARTY has improperly designated any document(s), testimony, or other information as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEY EYES ONLY" the RECEIVING PARTY may object and request that the PRODUCING PARTY withdraw its CONFIDENTIAL designation. In the event that the RECEIVING PARTY and the PRODUCING PARTY are unable to resolve their disagreement about a

designation, the RECEIVING PARTY may move or otherwise request the Court to issue an Order declaring that the document(s), testimony, or other information is not CONFIDENTIAL INFORMATION or should not be restricted to ATTORNEY EYES ONLY. Under such circumstances, the party raising the objection to the designation must continue to treat the document(s), testimony, or other information as CONFIDENTIAL INFORMATION or CONFIDENTIAL – ATTORNEY EYES ONLY, as applicable, unless and until the Court rules that it does not constitute CONFIDENTIAL, or CONFIDENTIAL – ATTORNEY EYES ONLY INFORMATION, as the case may be.

7. Any PRODUCING PARTY may designate documents or information as CONFIDENTIAL. Such designation shall be made in writing to counsel for the RECEIVING PARTY within 14 days of the production of the CONFIDENTIAL INFORMATION, or orally if recorded as part of a deposition or court proceeding. CONFIDENTIAL INFORMATION shall include all such designated documents, testimony, or information and any other information that can be derived therefrom, whether disclosed during interviews, depositions, court proceedings, settlement discussions, in the production of tangible evidence, testimony or other discovery response, objection to discovery, or otherwise.

8. The PRODUCING PARTY shall designate documents as "CONFIDENTIAL", as that term is defined in Paragraph 5 of this Order, by marking or causing to be marked the word "CONFIDENTIAL" in bold or uppercase letters or by otherwise notifying all parties in any reasonable manner on each page of any document that contains CONFIDENTIAL INFORMATION. To designate CONFIDENTIAL INFORMATION consisting of multi-page documents bound together by staples or other binding, if each page is separately numbered, then only the first page need be stamped or marked "CONFIDENTIAL," provided, however, that if the PRODUCING PARTY believes that a

multi-page document contains both allegedly CONFIDENTIAL INFORMATION and non-confidential information, the designating party shall, upon inquiry, indicate which portions contain CONFIDENTIAL INFORMATION.

9. The PRODUCING PARTY shall designate documents as "CONFIDENTIAL – ATTORNEY EYES ONLY", as that term is defined in Paragraph 5 of this Order, by marking or causing to be marked the word "CONFIDENTIAL – ATTORNEY EYES ONLY" in bold or uppercase letters or by otherwise notifying all parties in any reasonable manner on each page of any document that contains CONFIDENTIAL INFORMATION. To designate CONFIDENTIAL INFORMATION consisting of multi-page documents bound together by staples or other binding, if each page is separately numbered, then only the first page need be stamped or marked "CONFIDENTIAL – ATTORNEY EYES ONLY," provided, however, that if the PRODUCING PARTY believes that a multi-page document contains both allegedly CONFIDENTIAL INFORMATION and non-confidential information, the designating party shall, upon inquiry, indicate which portions contain CONFIDENTIAL INFORMATION.

10. All testimony that the PRODUCING PARTY designates as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY, as that term is defined in Paragraph 5 of this Order, shall be elicited and protected in accordance with the provisions of this Order.

11. All CONFIDENTIAL INFORMATION which is disclosed by a PRODUCING PARTY to a RECEIVING PARTY, a RECEIVING PARTY'S counsel, or such other person identified in Paragraph 11 hereof shall be held and maintained under strict confidence by such person or persons. Except as provided herein, no person shall use CONFIDENTIAL INFORMATION for any business purpose or disclose CONFIDENTIAL INFORMATION to any person who has not been authorized to receive such information in accordance herewith. As used in this Order, "disclose" or "disclosure" of

CONFIDENTIAL INFORMATION shall mean the transmission or communication of CONFIDENTIAL INFORMATION (or any document or material which contains, embodies, refers to or is based upon CONFIDENTIAL INFORMATION), directly or indirectly, in whole or in part, orally or in writing, whether the same occurs through conversation, report, opinion, reference or discussion.

12. CONFIDENTIAL INFORMATION may be disclosed only to (a) the parties to this action or the parties to the following cases:

1.) *Cautela v. Ohashi Technica U.S.A., Inc., et. al.*
United States District Court for the Southern District of Ohio, Eastern Division
Case No. 2:08-cv-960

2.) *Meade v. Ohashi Technica U.S.A., Inc., et. al.*
United States District Court for the Southern District of Ohio, Eastern Division
Case No. 2: 08 CV 959

(b) members or employees of the parties' counsel's firm who are engaged in the preparation for or the trial of this action; (c) court reporters in the performance of their official duties; (d) this Court, including any court personnel; (e) any person who has been retained by counsel for a party to this action to testify at trial as an expert witness for purposes of this litigation; (f) any person who has been retained by counsel for a party to this action to serve as a consulting expert in preparation for this litigation; (g) in-house attorneys for any party to this action and regular employees of the in-house legal department of any party to this action; (h) any deposition and/or trial witnesses who will be asked to be bound by this Order and to sign the Acknowledgment referenced in Paragraph 14 below; (i) entities providing photocopying, printing and binding or computer input assistance; and (j) any person identified in the CONFIDENTIAL INFORMATION as author(s) of or recipient(s) of the CONFIDENTIAL INFORMATION. Exceptions to this Paragraph are available only pursuant to prior Court Order or with the prior written consent of the PRODUCING PARTY.

13. CONFIDENTIAL – ATTORNEY EYES ONLY may be disclosed only to those persons listed in paragraphs 12(b), 12(c), 12(d), 12(e), 12(g), 12(h) or 12(j). Counsel for the parties agree to cooperate in enforcing the agreement to the extent possible. However CONFIDENTIAL INFORMATION and CONFIDENTIAL – ATTORNEY EYES ONLY may be used in motions, briefings and designated documents are placed under seal and filed manually with the Clerk of Courts, as set forth in paragraph 17. Deposition inquiries and testimony during discovery related to CONFIDENTIAL-ATTORNEY EYES ONLY documents shall take place outside the presence of the plaintiff parties and third persons not a party to the litigation.

14. Any expert witness or other outside consultant to whom CONFIDENTIAL INFORMATION is disclosed shall, prior to the disclosure, be required to read this Order and agree in writing to be bound by its terms and conditions and to subject himself or herself to the jurisdiction of this Court for the purpose of contempt proceedings if he or she violates this Order. Such person shall sign and complete an Acknowledgment in the form attached hereto as Exhibit "A" prior to being given access to CONFIDENTIAL INFORMATION. Except as provided for herein, no CONFIDENTIAL INFORMATION shall be disclosed to any person who refuses or has failed to sign an ACKNOWLEDGMENT.

15. All persons who have seen any CONFIDENTIAL INFORMATION shall remain under a continuing duty not to reveal any of that CONFIDENTIAL INFORMATION to any person or entity who is not authorized to receive it pursuant to Paragraph 12 herein, and may not use such information except in connection with this litigation. If a RECEIVING PARTY desires to use CONFIDENTIAL INFORMATION in litigation other than this litigation, the RECEIVING PARTY shall notify in writing counsel for PRODUCING PARTY prior to any such use. The PRODUCING PARTY shall have twenty-one (21) days from the date of receipt of such notice to object to the use of the

CONFIDENTIAL INFORMATION, during which time the CONFIDENTIAL INFORMATION shall not be used. If the PRODUCING PARTY objects to the use of the CONFIDENTIAL INFORMATION in other litigation, the CONFIDENTIAL INFORMATION shall not be unless or used until the objection has been resolved either by this Court or some other court of competent jurisdiction, or by written agreement of the parties.

16. Any party seeking enforcement of this Order against any other party or any person may petition the Court by properly noticed motion, including a concise statement of the specific relief sought.

17. Nothing in this Order shall prevent a party from using at trial or hearing or during a deposition, or in connection with briefs or other papers filed with the Court, any CONFIDENTIAL INFORMATION, except that any such use shall not expand the persons to whom CONFIDENTIAL INFORMATION may be disclosed pursuant to this Order. Any document which contains, embodies, refers to, is based upon or otherwise discloses CONFIDENTIAL INFORMATION, including, but not limited to, pleadings, motions, memoranda, deposition transcripts, briefs, correspondence or expert's reports, and which are filed with or otherwise submitted to the Court, including at hearing or trial, shall be placed in a sealed envelope or other sealed container, marked "CONFIDENTIAL" and "NOT TO BE OPENED WITHOUT COURT ORDER," and shall not be disclosed except as provided in this Order or other Court Order. Each sealed envelope or container shall be conspicuously endorsed with the title of this action, the words "SUBJECT TO PROTECTIVE ORDER" and a statement in the following form:

> This envelope is sealed pursuant to Order of the Court and contains
> Confidential Information filed in this case by [name of party] and is not
> to be opened or the contents thereof to be displayed or revealed except
> by Order of the Court, or upon the stipulation of the parties.

18. In the event any deposition, hearing or trial may disclose any CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY INFORMATION, that portion of the trial, hearing or deposition shall be subject to the Court's authority as to what can be used in open court or by written consent of the PRODUCING PARTY, which consent shall not be unreasonably withheld. The terms of this Order shall apply to the contents of any such deposition, hearing or trial, and the reporter recording the same shall be furnished with a copy of this Order and shall be informed that testimony, exhibits and other CONFIDENTIAL – ATTORNEY EYES ONLY may be disclosed only in accordance with the terms of this Order. When a transcript of the testimony is prepared, the reporter shall conspicuously mark such transcript with an appropriate legend signifying its protected status and such transcript shall be sealed in the same manner as described in Paragraph 15, above. CONFIDENTIAL – ATTORNEY EYES ONLY shall not become a part of the record open to the general public, directly or indirectly, in whole or in part, without the written consent of the PRODUCING PARTY, which consent shall not be unreasonably withheld, or by Court Order.

19. Any person receiving CONFIDENTIAL INFORMATION under the terms of this Order shall make no use of the information except for purposes of the preparation for and the trial or appeal of this case, or the cases referenced in Paragraph 12 of this Agreement. To the extent that copies, extracts, or summaries of CONFIDENTIAL – ATTORNEY EYES ONLY are made, such copies, extracts, or summaries are subject to the provisions of this Order, and shall be appropriately marked.

20. Nothing contained in this Order shall be construed as a ruling by the Court or admission by any party, at any time, that any document, testimony, or other information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY INFORMATION is in fact confidential, proprietary or a trade secret, or as a waiver by any party or person of its right to object to the subject matter of any discovery request made in this action. The execution of this Order shall not

be construed as a ruling by the Court or an agreement by any party or other person to produce any documents or supply any information, and shall not constitute a ruling or admission that any evidence, including documents, which may exist are authentic, admissible, or relevant in any way to the issues raised in this litigation. Moreover, nothing in this Order shall restrict a party's right to assert, at any time, objections on the grounds of privilege, work product protection, or any other statutory or common law exemption to discovery or disclosure.

21. This Order shall be without prejudice to the right of any PRODUCING PARTY to bring before this Court at any time the question of whether any particular information is discoverable or relevant to any issue in this case, or to apply to the Court for additional protection.

22. Promptly upon the conclusion of this action either by the journalization of a final non-appealable order, the journalization of a final order that it not timely appealed, or the dismissal of the case by the plaintiff or stipulation of the parties, all CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY INFORMATION, all copies thereof, shall be (at the RECEIVING PARTY's option) either destroyed or returned to the PRODUCING PARTY. Parties and counsel may retain copies of any papers filed with the Court in this action which contain CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY INFORMATION, provided such papers are maintained in accordance with the restrictions contained in this Stipulated Protective Order. Parties and their counsel may retain notes and correspondence containing or making reference to CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY INFORMATION, provided such notes and correspondence are maintained in accordance with the restrictions contained in this Stipulated Protective Order.

23. The parties agree that by producing documents in this action pursuant to this Order, a party will not be in breach or otherwise be in violation of any prior confidentiality or nondisclosure

agreement between the parties concerning the dissemination and protection of CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY INFORMATION.

24. Counsel for the RECEIVING PARTY shall maintain a list of the names of all persons to whom the CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY INFORMATION is disclosed and such lists shall be available to the counsel for the PRODUCING PARTY at the conclusion of this litigation.

25. This Order may not be modified, amended, or vacated except by further order of the Court, or by written agreement of the parties.

26. This Order shall continue to be binding after the conclusion of this action, except that release from this Order can be authorized by further Order of Court or by written agreement of the parties.

SO ORDERED this 15th day of September, 2009.

s/ Mark R. Abel
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT

The undersigned, for and on behalf of himself/herself/itself and his/her/its employees, agents and representatives, hereby acknowledges receipt of information which has been designated as "Confidential" pursuant to the terms and restrictions of the Confidentiality Agreement and Stipulated Protective Order (the "Order") signed and entered in Cautela v. Ohashi Technica U.S.A., Inc., et. al.; United States District Court for the Southern District of Ohio, Eastern Division; Case No. 2:08-cv-959.

The undersigned also acknowledges having been given a copy of and reading and understanding such Order. The undersigned agrees to abide and be bound by the terms and provisions of such Order. Among other things, the undersigned understands that he/she/it shall not disclose (as defined in the Order) any of such CONFIDENTIAL INFORMATION, and that such CONFIDENTIAL INFORMATION, including copies of any CONFIDENTIAL INFORMATION, is to remain in his/her/its personal custody until the undersigned has completed his/her/its assigned duties, whereupon such CONFIDENTIAL INFORMATION is to be returned to the person or entity that provided the undersigned with such material.

The undersigned further agrees to notify any stenographic, administrative, or clerical personnel who are required to assist him/her/it of the terms of the Order.

The undersigned agrees and attests to his/her/its understanding of this Acknowledgment and that in the event the undersigned or any of his/her/its agents or employees fails to abide by the terms of the Acknowledgement, the undersigned may be subject to legal action and/or other sanctions imposed by the Court for such failure. By signing this Acknowledgement, the undersigned agrees that he/she/it is subject to the jurisdiction of the Court for the purpose of enforcing the terms of the Order.

IN WITNESS WHEREOF, the undersigned has executed this Acknowledgment this ____ day of _____, 2009.

_____
Signature

_____
Name (Print or type)

_____
Address

_____
Telephone Number